IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALEX CRANE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:26-cv-1489-K-BN |
| | § | |
| JAMES JOHNSON, ET AL. | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER DENYING MOTION
TO APPOINT COUNSEL AND REGARDING SERVICE**

Paying the fee to do so, Plaintiff Alex Crane filed a *pro se* complaint for monetary damages under 42 U.S.C. § 1983 against two police departments and two individual police officers in which Crane alleges that his constitutional rights were violated when one officer "failed to properly verify the driver's identity before issuing two traffic citations," which generated an incorrect record that led another police officer to separately "wrongfully arrest" Crane and "unlawfully search[ and] seize[ his] vehicle." Dkt. No. 3.

United States District Judge Ed Kinkeade referred Crane's lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

Crane moves for court-appointed counsel. *See* Dkt. No. 5. The motion to appoint counsel is DENIED for the following reasons.

"There is no absolute right to an attorney in § 1983 cases." *Nickols v. Morris*, 705 F. Supp. 2d 579, 584 (N.D. Tex. 2010).

So a litigant in such a case "has no right to the automatic appointment of counsel." *Morgan v. Richards*, No. 21-10931, 2023 WL 6121775, at *2 (5th Cir. Sept. 19, 2023) (per curiam) (citing *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987)); *see also Naranjo v. Thompson*, 809 F.3d 793, 799 (5th Cir. 2015) ("[A] *pro se* litigant, "even if demonstrably indigent, is not entitled to appointed counsel as a matter of right." (citing *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982))).

And a court is only "required to appoint counsel for an indigent [litigant] in a civil lawsuit [if] there exist exceptional circumstances warranting such an appointment." *Tampico v. Martinez*, 987 F.3d 387, 392 (5th Cir. 2021) (per curiam) (citing *Naranjo*, 809 F.3d at 799).

"[F]actors that should be considered in determining whether exceptional circumstances warrant the appointment of counsel" include "1. the type and complexity of the case; 2. the [litigant's] ability adequately to present and investigate his case; 3. the presence of evidence which largely consists of conflicting testimony so as to require skill in presentation of evidence and in cross-examination; and 4. the likelihood that appointment will benefit the [parties and] the court … by 'shortening the trial and assisting in just determination.'" *Id.* (quoting *Parker v. Carpenter*, 978 F.2d 190, 193 (5th Cir. 1992)).

The Court typically considers the appointment of counsel under statutory authority: 28 U.S.C. § 1915(e)(1), which provides that "[t]he court may request an attorney to represent any person unable to afford counsel."

- 2 -

Crane paid the filing fee and so did not move for leave to proceed *in forma pauperis* and has otherwise not provided a financial affidavit with his motion to appoint counsel. So the Court cannot determine whether Crane qualifies for the appointment of counsel as an indigent litigant. *See, e.g.*, *Alli v. United States*, 93 Fed. Cl. 172, 183 (2010) (Section "1915(e)(1) only comes into play where a party makes the factual showing of indigence required by the statute.... [N]either BSA Corp., nor the individual plaintiffs for that matter, have made any real showing regarding their alleged indigence, let alone that required by the statute." (cleaned up)).

Nor has Crane shown that exceptional circumstances require the appointment of counsel under Section 1915(e)(1) at this time.

Crane's factual allegations are skeletal. But the Court could infer from them that, at least as currently pleaded, Crane's theory that the Fourth Amendment was violated may be based just on an error that led to a case of mistaken identity. So, without further factual allegations that could support a constitutional violation, Crane's claims could be susceptible to early dismissal, as the United States Supreme Court has "noted that the 'Constitution does not guarantee that only the guilty will be arrested' nor does it require officials 'to perform an error-free investigation' of mistaken-identity claims." *Niero v. Evans*, 974 F.3d 571, 576 (5th Cir. 2020) (quoting *Baker v. McCollan*, 443 U.S. 137, 145-47 (1979)); *cf. Morgan*, 2023 WL 6121775, at *2 ("indicat[ing] that appointment of counsel may be required at later stages of litigation even if it was not appropriate at the motions stage" and "that the district court should

- 3 -

[consider] the facts anew at each stage, especially the trial stage" (citations omitted)).

And, so, the current motion to appoint counsel is denied.

And, by paying the statutory filing fee, Crane undertook the obligation to (1) properly serve each defendant with a summons and the complaint in compliance with Federal Rule of Civil Procedure 4 or (2) obtain a waiver of service from each defendant. *See generally* FED. R. CIV. P. 4 (setting forth procedures for serving various types of defendants and regarding waiver of service).

And, as to each defendant, Crane must file with the Court, as applicable, proof of service in accordance with Rule 4(*l*) or an executed waiver of service.

The Court further advises Crane that, if proper service is not made and shown to the Court through a filed proof of service (or a waiver of service obtained and filed with the Court) before the 90th day after the filing of this action (which was on May 8, 2026) that is not a Saturday, Sunday, or legal holiday – which will be **August 6, 2026** – this case is subject to dismissal without prejudice unless Crane shows both (1) good cause for this failure and (2) good cause for the Court to extend the time for service for an appropriate, specified period. *See* FED. R. CIV. P. 4(m); *see also* FED. R. CIV. P. 41(b) (providing for dismissal, with or without prejudice, for failure to prosecute and obey court orders).

As to proper service, Rule 4 does not expressly permit service by mail. But, where applicable, Rule 4(e)(1) permits service under Texas law, which does provide for service by registered or certified mail, with return receipt requested. *See* TEX. R.

- 4 -

CIV. P. 106(a)(2) ("Unless the citation or an order of the court otherwise directs, the citation shall be served by any person authorized by [Texas Rule of Civil Procedure] 103 by mailing to the defendant by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached thereto.").

But a plaintiff is never authorized to personally serve a defendant by mail. *See* FED. R. CIV. P. 4(c)(2) ("Any person who is at least 18 years old and not a party may serve a summons and complaint."); TEX. R. CIV. P. 103 (providing in part that "no person who is a party to or interested in the outcome of a suit may serve any process in that suit").

SO ORDERED.

DATED: May 18, 2026

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE